**LITE DEPALMA GREENBERG & RIVAS, LLC**
Allyn Z. Lite
Michael E. Patunas
Mayra V. Tarantino
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
(973) 623-3000
alite@ldgrlaw.com
mpatunas@ldgrlaw.com
mtarantino@ldgrlaw.com

**GOODWIN PROCTER LLP**
David M. Hashmall
Jeffrey A. Simes
Donny Vermut
Ankur Parekh
The New York Times Building
620 Eighth Avenue
New York, New York  10018
Tel.:  212.813.8800
Fax:  212.355.3333

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TEVA PHARMACEUTICAL INDUSTRIES LTD. and TEVA PHARMACEUTICALS USA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE,<br><br>Defendant. | Civil Action No.: 2:08-cv-3706<br>Related to C.A. No. 02-3779<br><br><br><br>**PLAINTIFFS' REPLY AND DEFENSES TO DEFENDANT'S COUNTERCLAIM** |

Plaintiffs Teva Pharmaceutical Industries Ltd. and Teva Pharmaceuticals USA, Inc. (collectively, "Teva"), by their undersigned attorneys, for their Reply to the Counterclaim of SmithKlineBeecham Corporation d/b/a GlaxoSmithKline ("GSK"), allege as follows:

192421 v1

1. Plaintiffs admit, on information and belief, that Defendant GSK is a Pennsylvania corporation with its principal place of business at One Franklin Plaza, Philadelphia, PA 19102.

2. Plaintiffs admit the allegations of paragraph 2 of the counterclaim.

3. Plaintiffs admit the allegations of paragraph 3 of the counterclaim.

4. Plaintiffs admit that on or about February 16, 2005, GSK and Teva Pharmaceutical Industries Ltd. entered into a License and Supply Agreement. Plaintiffs further admit that on or about February 16, 2005, GSK and Teva Pharmaceuticals USA, Inc. entered into a Settlement Agreement. Plaintiffs further admit that on or about April 1, 2005, GSK and Teva Pharmaceuticals USA, Inc. entered into a Stipulation and Order of Dismissal concerning Civil Action No. 02-3779 (D.N.J.). Plaintiffs deny the remaining allegations of paragraph 4 of the counterclaim.

5. Plaintiffs admit that this Court has subject matter jurisdiction as to the claims and counterclaim in this lawsuit. Plaintiffs deny that GSK's purported claim has a factual or legal basis.

6. Plaintiffs admit that this Court has personal jurisdiction over the parties as to the claims and counterclaim in this lawsuit. Plaintiffs deny the remaining allegations of paragraph 6 of the counterclaim.

7. Plaintiffs admit that venue is proper in this judicial district as to the claims and counterclaim in this lawsuit. Plaintiffs deny the remaining allegations of paragraph 7 of the counterclaim.

8. Plaintiffs repeat and incorporate herein by reference the allegations made in the Complaint and in the foregoing paragraphs in full.

9. Plaintiffs admit that the License and Supply Agreement is a binding contract between GSK and Teva Pharmaceutical Industries Ltd. Plaintiff deny the remaining allegations of paragraph 9 of the counterclaim.

10. Plaintiffs deny the allegations of paragraph 10 of the counterclaim.

11. Plaintiffs deny the allegations of paragraph 11 of the counterclaim and refer to the language of the License and Supply Agreement, which speaks for itself.

12. Plaintiffs deny the allegations of paragraph 12 of the counterclaim and refer to the language of the License and Supply Agreement, which speaks for itself.

13. Plaintiffs admit that the License and Supply Agreement does not fix prices, but deny the remaining allegations of paragraph 13 of the counterclaim.

14. Plaintiffs admit that the License and Supply Agreement prohibits GSK from selling Lamictal® tablets as generic equivalents in any form or fashion for the duration of the license provisions and in accordance with the terms of the License and Supply Agreement. Plaintiffs deny the remaining allegations of paragraph 14 of the counterclaim.

15. Plaintiffs admit that the License and Supply Agreement prohibits GSK from selling Lamictal® tablets as generic equivalents in any form or fashion for the duration of the license provisions and in accordance with the terms of the License and Supply Agreement. Plaintiffs deny the remaining allegations of paragraph 15 of the counterclaim.

16. Plaintiffs admit that they initiated this action as a result of GSK's breaches of the License and Supply Agreement and the Settlement Agreement. Plaintiffs deny the remaining allegations of paragraph 16 of the counterclaim.

17. Plaintiffs admit that an actual controversy exists among the parties with respect to GSK's breaches of the License and Supply Agreement and the Settlement Agreement. Plaintiffs deny the remaining allegations of paragraph 17 of the counterclaim.

18. Plaintiffs admit that an actual controversy exists among the parties with respect to GSK's breaches of the License and Supply Agreement and the Settlement Agreement. Plaintiffs deny the remaining allegations of paragraph 18 of the counterclaim.

## GSK'S PRAYER FOR RELIEF

Plaintiffs deny that GSK is entitled to any relief on its counterclaim and Plaintiffs request that the requested declaration be denied, that GSK take nothing by this lawsuit and that Plaintiffs be awarded attorneys' fees and costs.

## HEADINGS AND SUBHEADINGS

Plaintiffs need not respond to the headings and subheadings within the counterclaim. To the extent that a response is required, Plaintiffs deny any averments in the headings or subheadings of the counterclaim.

## ADDITIONAL DEFENSES

As and for further defenses to GSK's counterclaim, Plaintiffs state:

**FIRST DEFENSE**

GSK's counterclaim is barred, in whole or in part, because it fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

GSK's counterclaim is barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands and other equitable doctrines.

**THIRD DEFENSE**

GSK's counterclaim is barred, in whole or in part, by the language of the agreements on which GSK purports to rely.

**FOURTH DEFENSE**

GSK's Counterclaim is barred, in whole or in part, because GSK substantially and materially breached the License and Supply Agreement and the Settlement Agreement which conduct extinguishes in whole or in part GSK's rights, if otherwise established, to assert its counterclaim.

**FIFTH DEFENSE**

Plaintiffs hereby give notice that they intend to rely on such other and further defenses as may become available or apparent during discovery proceedings in this case, and they hereby reserve the right to assert such defenses.

WHEREFORE, Plaintiffs/Counterclaim Defendants Teva Pharmaceutical Industries Ltd. and Teva Pharmaceuticals USA, Inc. deny that Defendant/Counterclaim Plaintiff GSK is entitled to any declaratory or other relief in their favor, and respectfully request judgment as specified in Teva's Complaint and that:

(1)   GSK take nothing by its counterclaim against Plaintiffs;

(2)   GSK's counterclaim be dismissed with prejudice;

(3) Plaintiffs recover all damages against GSK;

(4) Plaintiffs recover their attorneys' fees and costs, and pre- and post-judgment interest as deemed appropriate by this Court;

(5) Plaintiffs recover such other and further relief to which they may be justly entitled.

**LITE DEPALMA GREENBERG & RIVAS, LLC**

Dated: November 11, 2008        /s/ *Michael E. Patunas*
Allyn Z. Lite
Michael E. Patunas
Mayra V. Tarantino
Two Gateway Center, 12th Floor
Newark, NJ 07102
Tel: 973.623.3000
Fax: 973.623.0858

**GOODWIN PROCTER LLP**
David M. Hashmall
Jeffrey A. Simes
The New York Times Building
620 Eighth Avenue
New York, New York  10018
Tel.:  212.813.8800
Fax:  212.355.3333

*Attorneys for Plaintiffs*
*Teva Pharmaceutical Industries Ltd. and*
*Teva Pharmaceuticals USA, Inc.*